IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRANDON BARLOW                                                                              PLAINTIFF

vs.                                       Civil No. 4:11-cv-04117

MICHAEL J. ASTRUE,                                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

On February 27, 2011, Defendant filed a Motion to Remand. ECF No. 7.[1] Plaintiff responded on March 5, 2012 and has no objections to this Motion. ECF No. 9. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand so the Commissioner may conduct further administrative proceedings and further evaluate Plaintiff's disability status. According to Defendant, on July 8, 2011, the ALJ issued a decision finding Plaintiff was not disabled because, using Rule 204.00 of the Medical-Vocational Guidelines found in Appendix 2 as a framework, Plaintiff could perform work existing in significant numbers in the national economy. (Tr. 32-33). The ALJ mistakenly cited Exhibit 2B as evidence of jobs Plaintiff could perform. (Tr. 33). However, Exhibit 2B does not list any jobs or cite any vocational testimony. (Tr. 57-60).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

Additionally, according to Defendant, the ALJ's decision contains conflicting statements regarding Plaintiff's credibility, and does not discuss the evidence of record with respect to the credibility factors found in 20 C.F.R. §§ 404.1529 and 416.929.  (Tr. 21-28).

The Commissioner wishes to remand this case for further administrative proceedings to give further consideration to Plaintiff's treating source opinion pursuant to 20 C.F.R. § 404.1527, Social Security Ruling (SSR) 96-2p, and SSR 96-5p, and provide appropriate rationale to explain the weight given to that evidence; further evaluate Plaintiff's subjective complaints and provide rationale in accordance with 20 C.F.R. §§ 404.1529 and 416.929; give further consideration to Plaintiff's RFC and provide appropriate rationale with specific references to evidence of record; and obtain evidence from a Vocational Expert, based on hypothetical questions reflecting the limitations established by the record, to clarify the effect of the assessed limitations on Plaintiff's occupational base.

This Court finds this motion is well-taken and should be granted.  The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  In addition, the undersigned finds the Plaintiff's Complaint should be and hereby is dismissed without prejudice.  Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of March, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE